UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD LYNN LAMPLEY, CDCR #BH-2362,<br><br>                              Plaintiff,<br><br>       vs.<br><br>FREDRICCO McCURRY, Attorney at Law,<br><br>                              Defendant. | Case No.: 22-CV-88 JLS (AGS)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>(ECF No. 2) |

Plaintiff Bernard Lynn Lampley, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff seeks damages against the attorney appointed to represent him during his criminal trial based on allegations that Defendant McCurry violated Plaintiff's "due process by concealing evidence," which he claims "contributed to a guilty verdict." *Id*. at 3. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

///

///

## I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1); 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See id.* § 1915(b)(2); *Bruce*, 577 U.S. at 84.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff has submitted his Prison Certificate and a certified copy of his CDCR Inmate Statement Reports. *See* ECF No. 2 at 4–9; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff carried an average monthly balance of $888.30 and an average monthly deposit of $897.70 to his account over the 6-month period immediately preceding the filing of his Complaint. *See* ECF No. 2 at 4.

Based on this accounting, the Court **GRANTS** Plaintiff leave to proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $179.54 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   *A.     Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)

(discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. *Plaintiff's Allegations*

Plaintiff claims Fredricco McCurry, the attorney who represented him during his Los Angeles County Superior Court criminal proceedings, "deliberately and intentionally withheld concealed/hid relevant evidence and information which contributed to a guilty verdict." ECF No. 1 ("Compl.") at 3. Specifically, Plaintiff alleges McCurry "misrepresented" him by "falsely and unfairly hiding and covering up another suspect that was accused of the murder the Plaintiff was tried for." *Id.* at 4. Additionally, McCurry is

///

alleged to have "limited the ability of the Plaintiff to present a defense." *Id.* Plaintiff seeks $500,000 in compensatory and punitive damages. *See id.* at 7.

### C.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

#### 1.   "Under Color" Requirement

First, to the extent Plaintiff names Attorney McCurry as the sole Defendant, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark Cty., Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, [her] function was to represent [her] client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against appointed counsel).

#### 2.   Criminal Proceedings – Heck*'s "Favorable Termination" Requirement*

Second, there are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment . . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state

relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81–82).

Thus, to the extent Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated due to his public defender's "malpractice" and other "wrongful conduct," *see* Compl. at 6, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486–87; *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054–55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser*, 411 U.S. at 498–99); *Preiser*, 411 U.S. at 498–99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a ///

state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on alleged violations of his constitutional rights during his criminal proceedings in Los Angeles Superior Court, he may not proceed pursuant to § 1983 unless he alleges and can show that conviction has already been invalidated. *Heck*, 512 U.S. at 486–87; *Ramirez*, 334 F.3d at 855–56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'" (quoting *Heck*, 512 U.S. at 489)). This is because an award of damages in his favor would necessarily imply the invalidity of his conviction and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release . . . or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus."); *Toney v. Ruiz*, No. 3:10-CV-00405 BTM (PCL), 2010 WL 2383787, at *2 (S.D. Cal. June 9, 2010) (noting that "ineffective assistance of counsel claims 'necessarily imply the invalidity' of criminal proceedings") (citing *Heck*, 512 U.S. at 487; *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *Strickland*, 466 U.S. at 688 (to succeed on ineffective assistance claim, petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different).

Because Plaintiff does *not* allege to have already invalidated his conviction in Los Angeles Superior Court, the case which forms the basis of this § 1983 suit by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his Complaint must be dismissed sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

///

### D. Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## III. Conclusion and Orders

For the reasons discussed, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed *IFP* (ECF No. 2);

(2) **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $179.54 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Johnson's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). *ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION*;

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

(4) **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) without prejudice, but without leave to amend;[2]

(5) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See*

---

[2] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).

*Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

  (6) **DIRECTS** the Clerk of Court to close the file.

  **IT IS SO ORDERED**.

Dated: February 7, 2022

*[signature]*
Hon. Janis L. Sammartino
United States District Judge